IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALBERTA LYNCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>Defendant. ) | Civil No. 05-6014-JO<br><br>OPINION AND ORDER |

Alan S. Graf
ALAN STUART GRAF, PC
P. O. Box 98
Summertown, TN 38483

Kimberly K. Tucker
SWANSON, THOMAS & COON
820 S.W. Second Avenue, Suite 200
Portland, OR 97204

   Attorneys for Plaintiff

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third, Suite 600
Portland, OR 97204-2902

>     Carol A. Hoch
>     L. Jamala Edwards
>     Lucille G. Meis
>     SOCIAL SECURITY ADMINISTRATION
>     Office of the General Counsel
>     701 Fifth Avenue
>     Suite 2900, M/S 901
>     Seattle, WA 98104-7075
>
>      Attorneys for Defendant

JONES, Judge:

Claimant Alberta Lynch seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings.

## ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on January 9, 2001, alleging disability since September 16, 1994, due to, among other things, diabetes, high blood pressure, asthma, and a hernia. The application was denied initially and on reconsideration. Claimant requested a hearing. At the hearing on August 8, 2003, claimant, represented by counsel, appeared and testified, as did a vocational expert. On November 26, 2003, the Administrative Law Judge ("ALJ") issued a decision denying claimant's application. The ALJ's decision became the final decision of the Commissioner on November 16, 2004, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the requirements for a period of disability and DIB through December 31, 1999. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 404.1520. The ALJ first determined that claimant has not engaged in substantial gainful activity from September 16, 1994, through December 31, 1999.

Second, the ALJ found that although the medical evidence established that claimant suffered diabetes mellitus, obesity, asthma, hypertension, bilateral shoulder bursitis, and gastroesophageal reflux disease before and on December 31, 1999, she did not have a medically determinable "severe" impairment before and after expiration of her insured status on December 31, 1999. Tr. 18. In making that determination, the ALJ found that claimant's and her witnesses' representations concerning her work limitations during the relevant period were not

credible. Based on those findings, the ALJ concluded that claimant was not under a disability for purposes of the Social Security Act at any time through expiration of her insured status.

Because the ALJ made a finding of "no disability" at step two, he did not complete the remaining three steps of the five step process.[1]

DISCUSSION

The parties are familiar with the medical and other evidence of record, which will not be repeated except as necessary to explain my decision.

I have thoroughly reviewed the record, and were it not for recent Ninth Circuit precedent, I might have agreed with defendant that the evidence of record is inadequate to establish that claimant was disabled, as that term is defined by the Social Security Act,[2] at any time before December 31, 1999. In Webb v. Barnhart, 433 F.3d 683 (9th Cir. 2005)(issued after defendant filed its brief in this case), however, the Ninth Circuit reiterated that step two of the sequential evaluation process is "'a de minimis screening device [used] to dispose of groundless claims,'" and that "'[a]n impairment or combination of impairments may be found 'not severe *only if* the

---

[1] The ALJ did take the testimony of the vocational expert at the hearing. The ALJ's vocational hypothetical question primarily included limitations described by claimant's physician, Dr. Bang Nguyen, in a letter dated September 15, 2001. The limitations Dr. Nguyen described, in turn, were based entirely on claimant's reports to him and included the following: lift 10 pounds frequently and 20 pounds occasionally; walk half a block at a time; stand for a half-hour at a time; walk and stand for three or four hours in a workday; and sit for four to five hours in a workday. Tr. 293, 486-87. The ALJ added the limitation that claimant would need ready access to a bathroom. Tr. 486.

[2] The Social Security Act defines "disability" as the inability to work "by reason of" a severe impairment "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A); see also 20 C.F.R. §§ 404.1509 and 404.1520(a)(4)(ii).

4 - OPINION AND ORDER

evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb, 433 F.3d. at 686-87 (citations omitted; emphasis in original). The court emphasized that "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb, 433 F.3d at 687 (citation omitted; emphasis added).

In Webb, the medical evidence painted an incomplete picture of the claimant's overall health during the relevant time period (1991-1997), yet there was objective medical evidence that over the same period the claimant suffered back pain, hypertension, knee pain, hip pain, visual disturbances, memory loss, diverticulitis, lack of sleep, difficulty performing physical tasks, and lack of employment. In reversing the ALJ's step two decision, the Ninth Circuit acknowledged that the claimant ultimately bears the burden of establishing disability, but opined that the ALJ had an affirmative duty to supplement the claimant's medical record before rejecting his petition at so early a stage in the analysis. 433 F.3d at 687. Specifically, the court explained that the ALJ's duty to supplement a claimant's medical record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate, or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. Id.

In this case, the ALJ found that the medical evidence established that by at least 1996, claimant suffered from diabetes, obesity, asthma, hypertension, bilateral shoulder bursitis, and gastroesophageal reflux disease. The medical evidence also shows that by 1998, claimant complained of burning fire-like pain in both feet with diminished sensation (diagnosed as diabetic neuropathy), anxiety and depression, and frequent urination. As with the claimant in Webb, claimant's conditions improved and worsened as a result of her afflictions and their

5 - OPINION AND ORDER

treatments. Webb, 433 F.3d at 687. Significantly, in finding that the record contained insufficient evidence to establish a medically determinable "severe" impairment before and on December 31, 1999, the ALJ relied on state agency physicians' conclusions that the medical evidence was insufficient. Tr. 21. That reliance triggered the ALJ's duty to supplement claimant's record. See Webb, 433 F.3d at 687 ("The ALJ's duty to supplement a claimant's record is triggered by * * * the ALJ's reliance on an expert's conclusion that the evidence is ambiguous").

The pre-December 1999 clinical records and test results corroborate many of claimant's complaints, and claimant's physicians did not dismiss her complaints as altogether unfounded. Consequently, there is not "the total absence of objection evidence of a severe impairment" during the relevant period sufficient to "doom [claimant's] claim as groundless under the de minimis standard of step two." Webb, 433 F.3d at 688. To the extent the level of claimant's impairment before December 31, 1999, was in question, the ALJ should have developed the record and/or obtained clarification from claimant's medical providers.

Whether claimant will succeed in proving that she was disabled during the relevant time period is an open question. At this point, however, claimant's claim is not "groundless" under Webb, and I therefore conclude that the ALJ lacked substantial evidence to find "no severe impairment" at step two. Accordingly, I remand this case for the ALJ to fully develop the record and continue the sequential analysis.

CONCLUSION

For the reasons stated, this case is REMANDED to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 21st day of February, 2006.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge