IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ALBERTA LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-6014-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

    Alan S. Graf
    ALAN STUART GRAF, PC
    P. O. Box 98
    Summertown, TN  38483

    Kimberly K. Tucker
    SWANSON, THOMAS & COON
    820 S.W. Second Avenue, Suite 200
    Portland, OR  97204

     Attorneys for Plaintiff

Carol A. Hoch
L. Jamala Edwards
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

On February 21, 2006, I reversed the Social Security Commissioner's decision denying claimant Alberta Lynch's application for disability insurance benefits and remanded the case for further proceedings.  On March 28, 2006, pursuant to a stipulation of the parties, I awarded claimant's counsel attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the sum of $4,779.19.

Following further administrative proceedings, the Commissioner found claimant disabled and awarded her $43,567.80 in past-due benefits.  Claimant's administrative counsel, Robert Baron, then applied to the Commissioner for attorney fees under the fee agreement process set forth in 42 U.S.C. § 406(a).  Under that process, the Commissioner awarded Mr. Baron $5,300, the present cap available under section 406(a)(2).

Claimant's district court counsel, Alan Graf, now petitions (# 36) this court for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the sum of $10,371.44, which is approximately 23 percent of claimant's past-due benefits.  The Commissioner does not oppose an award but

2 - OPINION AND ORDER

contends that the amount sought is not supported by the applicable statutory scheme. For the reasons stated, I agree with the Commissioner and award claimant's counsel the sum of $891.61 in additional attorney fees under section 406(b).

## DISCUSSION

An attorney who succeeds in obtaining an award of past-due benefits for a social security claimant may recover fees pursuant to the EAJA and 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings; section 406(b) governs fees for representation in federal court. Grisbrect v. Barnhart, 535 U.S. 789, 794 (2002).

EAJA fees are based on a statutory maximum hourly rate, while section 406 fees are based on reasonableness, with a maximum of 25 percent of the past-due benefits. EAJA fees penalize the Commissioner for assuming an unjustified legal position and are paid out of agency funds; section 406 fees are deducted from the claimant's retroactive benefits and do not constitute an award against the government. See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The parties agree as to the above. Moreover, the Commissioner does not object on reasonableness grounds to a 25 percent award. The parties do disagree, however, as to whether the 25 percent maximum applies to the combined fees that may be awarded under sections 406(a) and 406(b), or if the 25 percent maximum applies under each section individually. Claimant's counsel represents that this issue currently is pending before the Ninth Circuit in Clark v. Commissioner, No. 07-35056, but that no decision is expected in the near future.

There is little case law on the issue and no binding precedent. I note that in some cases, the claimant's counsel simply acknowledges that the fee award under section 406(b) would be

subject to offsets for amounts already awarded under section 406(a) and the EAJA. See, e.g., Koester v. Astrue, 482 F.Supp.2d 1078, 1080-81 (E.D. Wi. 2007); McGraw, 450 F.3d at 497. In this case, however, counsel acknowledges only that the section 406(b) fee award is subject to an offset of the EAJA fee award.

Lacking binding precedent, I find that the combined fee award under sections 406(a) and 406(b) may not exceed 25 percent of claimant's past-due benefits. That is the maximum amount the Commissioner is authorized to certify for direct payment to the attorney out of claimant's past-due benefits, section 406(b)(1)(A), and that interpretation comports with Congress' goal of preventing "inordinately large fees" in social security cases. See McGraw, 450 F.3d at 499 n.3 (quoting full text of the legislative history). To the extent that claimant's fee agreement provides for fees in excess of 25 percent of the past-due benefits, I find the agreement to be unreasonable.[1] See, e.g., Koester, 482 F.Supp.2d at 1081 ("court should review the amount set by the agreement -- so long as it stays within the 25% boundary set by Congress -- for reasonableness." (citing Gisbrecht, 535 U.S. at 808)).

Having accepted the Commissioner's interpretation, I turn to the calculation of fees. The Commissioner has failed to provide the court with a calculation of the fees that counsel may recover under the Commissioner's interpretation. Claimant's counsel provides a number, but that

---

[1] Counsel's fee agreement with claimant is interesting in that it purports to permit counsel to recover 25 percent of past-due benefits (or $5,300, whichever is less) for representation before the agency, **and** 25 percent of past-due benefits (or EAJA fees, whichever is greater) for representation in the federal court. Although counsel does not say, the wording of the fee agreement promotes counsel's theory of recovery, and may be the subject of proceedings in the Ninth Circuit in Clark v. Commission, as counsel's arguments here "are in large part courtesy of attorney * * * of record for the appellant in Clark." Memorandum in Support, p. 1 n.1.

number is based on counsel's interpretation, which I reject. Claimant's past-due benefits equal $43,567.80. Twenty-five percent of that number is $10,891.80. Ultimately, that number must be offset by the amounts previously paid under section 406(a) ($5,300.00) and the EAJA ($4,779.19), resulting in a net additional award under section 406(b) of $891.61, which I find to be reasonable.

Neither party provided the court with a viable alternative approach to calculating the fee award, consequently, I will use the above calculation. I therefore award claimant's counsel the sum of $891.61 in attorney fees under section 406(b).

IT IS SO ORDERED.

DATED this 4th day of October, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER